IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADIL ELNUR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2410-N-BN |
| | § | |
| HOLT DODGE OF ARLINGTON, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action filed by a plaintiff proceeding *pro se* has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

**Applicable Background**

Plaintiff Adil Elnur, who resides in Rockwall, Texas, brings this action against Defendant Holt Dodge of Arlington, alleging that Defendant failed to "send the correct Title paper work to TXDMV, which caused a rejected title work" and prevented Plaintiff from renewing his vehicle registration. Dkt. No. 3 at 1. Plaintiff further alleges that, because Defendant "is currently out of business," "a judge higher than a JP must grant ownership of the vehicle." *Id.*

Recognizing that subject matter jurisdiction was likely lacking, the Court issued

a show cause order on September 19, 2018 [Dkt. No. 6] requiring that Elnur file no later than October 12, 2018 a written response to show the Court that there is subject matter jurisdiction. Elnur timely responded. *See* Dkt. No. 7.

## Legal Standards and Analysis

Under its limited jurisdiction, a federal court generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Elnur chose to file his lawsuit in federal court, it is his burden to establish federal jurisdiction. And if he does not, this lawsuit should be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

While Elnur's complaint failed to allege a basis for subject matter jurisdiction, in his response to the Court's show cause order, he appears to invoke diversity jurisdiction: "I Adil Elnur resides in Rockwall Texas, against Defendant Holt Dodge of Arlington. I found the Head quarters of Dodge in Auburn Hills, Michigan. We have diversity of citizenship and the amount in controversy is $31,000.00." Dkt. No. 7 at 1. Although it appears that Elnur's action is against a former Dodge dealership in Arlington – not Dodge itself – even if the Court accepts that he is suing Dodge, Elnur now makes clear that the value of this lawsuit falls below the minimum amount in controversy. For these reasons, Elnur fails to show that subject matter jurisdiction exists.

**Recommendation**

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 15, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE